72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles William O'BRIEN, Defendant-Appellant.
 No. 94-3813.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Charles William O'Brien appeals a district court order denying his motion for a new trial filed under Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the district court in 1993, O'Brien was convicted of bank fraud, two counts of money laundering, and conspiracy to commit bank fraud and money laundering in violation of 18 U.S.C. Secs. 2, 371, 1344 and 1956(a)(1)(B)(i). The district court sentenced O'Brien to 54 months of imprisonment followed by three years of supervised release and ordered him to pay $250,000 restitution. This court affirmed O'Brien's convictions on direct appeal. United States v. O'Brien, No. 94-3341, 1995 WL 325709, 1995 U.S.App. LEXIS 13576 (6th Cir. May 30, 1995) (per curiam).
 
 
 4
 While his direct appeal was pending before this court, O'Brien filed pro se a Fed.R.Crim.P. 33 motion for a new trial alleging that the jury's verdict resulted from prejudicial arguments it overheard during sidebar conferences conducted at the bench by the district court during trial. The district court denied the motion by a margin entry, and O'Brien filed a timely notice of appeal.
 
 
 5
 Generally, this court reviews the denial of a Fed.R.Crim.P. 33 motion only for an abuse of discretion. United States v. Hawkins, 969 F.2d 169, 175 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1021 (1993); United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). Motions for a new trial under Fed.R.Crim.P. 33 based upon newly discovered evidence are disfavored. Hawkins, 969 F.2d at 175 (citing United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). Defendant bears the burden of demonstrating the need for a new trial, and such motions will be granted only sparingly. Seago, 930 F.2d at 488. A motion for a new trial based upon newly discovered evidence should be granted only where: (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material; and (4) the evidence would likely produce an acquittal. Id. Here, the district court did not abuse its discretion in denying defendant's motion. Defendant clearly did not meet any of the criteria required to demonstrate the need for a new trial. We also note that the district court had jurisdiction to deny defendant's motion. See United States v. Cronic, 466 U.S. 648, 667 n. 42 (1984); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation